**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| MS. AUDREY WILSON | * |
| | * |
|     **Plaintiff,** | * |
| | * |
| **v.** | * |
| | * |
| ST. AGNES HEALTHCARE/ | * |
|     HOSPITAL, INC. ET AL. | *     Civil Action No.: CCB-02-CV-3341 |
| | * |
|     **Defendants.** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### Plaintiff's Response To Defendants' Motion for Sanctions

Ms. Audrey Wilson, Plaintiff, by and through her counsel, Rev. Rickey Nelson Jones, responds to Defendants' motion for sanctions as follows:

1. Defendant correctly indicates that the parties set a deposition date for March 11, 2003, and such was formally noted.

2. The deposition was scheduled to occur at Defendant's counsel's law office.

3. On March 10, 2003, Plaintiff's counsel became ill due to something consumed that his body totally rejected.

4. Plaintiff's counsel's office was closed all day March 11, 2003 and part of the day March 12, 2003.

5. On the morning of March 12, 2003, Plaintiff's counsel called Defendant's counsel from his home to explain the absence and offer to accommodate Defendant in whatever manner necessary to reset the deposition.

6. Instead of returning Plaintiff's counsel's telephone call, Defendant immediately filed a Motion for Sanctions.

7. After the filing of the motion, Plaintiff then received a telephone call from Defendant regarding rescheduling the deposition.

8. Plaintiff returned the telephone call and fully cooperated in setting a new deposition date.  The new deposition has been scheduled for April 3, 2003.

9. Since the first scheduled deposition (and this new one) was to occur at Defendant's

counsel's law office, no travel was involved.  No costs seemed to have been incurred and Defendant's motion did not reveal any.

10. Plaintiff believes this matter could have been handled by the attorneys without court intervention since no "bad faith" was involved (e.g., payment of any costs invoiced, accommodation of Defendant's counsel in rescheduling, etc.).

11. Rule 37 minimally calls for "certification that the movant has in good faith conferred... with the party failing" to permit discovery.  Such a certification was not made by Defendant because no such effort was made prior to filing its motion for sanctions.

12. Since sickness can strike anyone at anytime, sanctions should not be imposed under these circumstances because [a] there was no "bad faith" by Plaintiff, [b] there were no costs outlined in Defendant's motion, and [c] Defendant made no effort to confer with Plaintiff prior to filing her motion for sanctions.

WHEREFORE, Plaintiff respectfully requests that Defendant's motion be DENIED.

Rev. Rickey Nelson Jones
Law Offices of Reverend Rickey Nelson
    Jones, Esq.
2nd Floor — Suite 5
940 Madison Avenue
Baltimore, Maryland 21201
410-462-5800
MD Bar #: 12088

Attorney for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of March, 2003, the aforegoing pleading was mailed, first class, postage prepaid, to **Kathleen A. Talty, Esq., KRUCHKO & FRIES,** 600 Washington Avenue, Suite 305, Baltimore, Maryland 21204.

Rev. Rickey Nelson Jones

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MS. AUDREY WILSON** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **ST. AGNES HEALTHCARE/** | * | |
| **HOSPITAL, INC. ET AL.** | * | **Civil Action No.: CCB-02-CV-3341** |
| | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ORDER**

Upon the "Plaintiff's Response to Defendants' Motion for Sanctions," it is this _____

day of _____, 2003, by the United States District Court for the District of

Maryland

ORDERED that Defendants' motion for sanctions is DENIED since

[a]    the movant did not make a good faith effort to obtain discovery without court action,

and

[b]    the unforeseen circumstances herein make awarding expenses unjust.

_____
JUDGE