UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AUDREY WILSON | * |
|     Plaintiff, | * |
|     v. | *   Civil Action No. CCB-02CV3341 |
| ST. AGNES HEALTHCARE, INC. *ET AL*. | * |
|     Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION FOR SANCTIONS**

Defendant, St. Agnes HealthCare, Inc., by and through its undersigned counsel submits its reply to Plaintiff's opposition to Defendant's Motion for Sanctions that was filed because Plaintiff failed to appear for her scheduled deposition on March 11, 2003.

## I.   ARGUMENT

Rule 37(d) of the Federal Rules of Civil Procedure provides that if a party fails to appear for a deposition after being served with proper notice the other party may file a motion and seek the court's intervention without first conferring with the party who failed to appear. Thus, Plaintiff's suggestion here that Defendant "rushed" to court in filing its Rule 37 Motion is unfounded.

Moreover, on March 11th when neither Plaintiff nor her counsel appeared at the Plaintiff's deposition, which was set for 10:00 a.m., and did not communicate any reason for their non-

attendance, a representative from Defendant's Counsel's office telephoned the offices of the Plaintiff's attorney to ascertain why no one had appeared for the deposition. A telephone message was left on Plaintiff's counsel's answering machine at approximately 10:20 a.m., inquiring as to why neither counsel nor Plaintiff were present for the noticed deposition. At no time on March 11, 2003, did Defendant's counsel receive any response to the telephone message that was left that day.

While Defendant has no reasons to doubt the veracity of Plaintiff's counsel's statement that he was taken ill on March 10th and remained indisposed on March 11th, that statement does not provide any explanation as to why Ms. Audrey Wilson, Plaintiff, did not appear at her noticed deposition. Ms. Wilson's failure to appear at the scheduled deposition still remains a mystery.[1]

Finally, and because Defendant's counsel had no reason to believe that Plaintiff and her counsel would not appear for the noticed deposition, the services of a court reporter were secured. The court reporter arrived at Defendant's counsel's office at approximately 9:40 a.m. on March 11th and remained in the office until 11:20 a.m., at which time Defendant's counsel went on the record to state why the scheduled deposition was not going forward, i.e., the failure of the Plaintiff and her counsel to appear. The cost of the transcript for that deposition is $151.75, for which Plaintiff should be required to pay.

---

[1] If the reason that Ms. Wilson did not appear for her deposition was because her counsel advised her of his illness and, thus, his inability to be present, it reasonably then follows that the same or similar communication could have been made to Defendant's counsel on or before March 11th.

## II.   CONCLUSION

For all of the foregoing reasons, as well as those set forth in Defendant's Motion for Sanctions, Defendant, St. Agnes HealthCare, Inc., respectfully requests that its Motion be granted and Plaintiff be directed to pay for the costs of the transcription services.

Dated:   March 28, 2003                              Respectfully submitted,

                                                     **KRUCHKO & FRIES**


                                                     By:   _____/s/_____
OF COUNSEL:                                          Kathleen A. Talty
                                                     Federal Bar No.: 022971
KRUCHKO & FRIES
Suite 305
600 Washington Avenue                                Counsel for Defendant
Baltimore, Maryland 21204                            St. Agnes HealthCare, Inc
(410) 321-7310